Harry Morrison State Attorney Tallahassee
QUESTION:
Is a state attorney's investigator who, for budgetary reasons, receives only 65 percent of the minimum salary prescribed for his position but is fully qualified in all regards under s. 27.255, F. S., to hold that position and who works a full-time schedule of at least 40 hours per week a `full-time investigator' with arrest powers?
SUMMARY:
Full-time investigators employed by the state attorney who are fully qualified under s. 27.255, F. S., and occupy full-time positions as defined in s. 110.042(3), F. S., are not precluded from exercising the arrest powers granted in s. 27.255(1) merely because they are paid a lower salary than is normally prescribed for that position.
An examination of s. 27.255, F. S., reveals, inter alia, that each full-time investigator is held to be a law enforcement officer and conservator of the peace with full powers of arrest in accordance with the laws of this state. Such investigators must meet the standards established by the Police Standards and Training Commission. Section 27.255(2). Nowhere in s. 27.255 is there a definition of the term `full time.' Thus, we must turn to other related statutes for a pari-materia examination of this question.
Section 110.042(3), F. S., defines `full-time position' as `a position authorized for the entire normally established work period, daily, weekly, monthly or annually.' Section 110.042(4) defines `part-time position' as `a position authorized for less than the entire normally established work period, daily, weekly, monthly or annually.' Thus, it seems that the question of remuneration is not involved in a determination of whether an employee is full time or part time.
Further examination of this question reveals that there is a high degree of similarity between s. 27.255(2) and 30.09(4)(f), F. S., in regard to requiring the personnel affected by those statutes to meet the minimum requirements set forth by the Police Standards and Training Commission. As both the state attorney's investigators under s. 27.255 and the special deputies appointed under s. 30.09, except as therein exempted, are granted arrest powers only after meeting the aforementioned minimum requirements of the Police Standards and Training Commission, it seems that this factor rather than the question of compensation is more pertinent to the disposition of your question. As you noted in your inquiry, the investigator at hand meets those requirements.
Therefore, it is my opinion that an investigator employed by your office who meets all requirements of s. 27.255, F. S., and meets the definition of a full-time employee as set forth in s. 110.042(3), F. S., is not precluded from exercising the arrest powers granted him under s. 27.255(1) merely because he is paid a lesser salary than is prescribed for his position.
Prepared by: Michael H. Davidson, Assistant Attorney General